# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOYCE HUTCHENS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 08 C 5366 |
| | ) |
| KATIE HARRISON, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant Defendants' motion to dismiss in part and deny it in part without prejudice. We also decline to exercise supplemental jurisdiction over the remaining state law claim and remand the instant action to state court.

## BACKGROUND

Plaintiff Joyce Hutchens (Hutchens) alleges that she was a school teacher and has worked for the Chicago Public Schools (CPS) for 12 years. Hutchens claims that between 2002 and 2008, she was an English teacher at the Consuella B. York

1

Alternative High School (York School), which was located in a Cook County jail. Hutchens alleges that she received outstanding performance evaluations throughout her tenure at the York School and also received numerous awards and honors.

Hutchens claims that on November 8, 2007, Defendant Katie Harrison (Harrison), a Captain with the Cook County Department of Corrections, made certain unfounded accusations about Hutchens in a written memorandum delivered to the principal of the York School and a superintendent employed by Defendant Sheriff of Cook County (Sheriff). According to Hutchens, Harrison distributed a written memorandum alleging that Hutchens had made derogatory statements about her students in Harrison's presence, that Hutchens terrorized certain students in her classes, and that one individual student had complained about Hutchens' lack of professionalism. Hutchens alleges that all of the allegations by Harrison were false. Specifically, Hutchens alleges that she was not present at the time that Harrison claims that Hutchens had made derogatory statements in her presence and that Harrison knew or had reason to know that the individual student that had complained about Hutchens was lying. Hutchens alleges that, despite Harrison's statements to the contrary, there was no investigation that formed a basis for Harrison's allegations and Harrison was, in fact, acting with malicious intent to injure Hutchens.

Hutchens claims that as a result of Harrison's memorandum, Hutchens suffered property and economic loss, as well as damage to her reputation. Hutchens was allegedly subjected to a disciplinary action by CPS, received a five day suspension without pay from the CPS, and a Warning Resolution was issued against

her by CPS. According to Hutchens, Defendant Salvador A. Godinez (Godinez), who was the Executive Director of the Cook County Sheriff's Department of Corrections, knew or should have known that Harrison had previously made false and defamatory statements about other individuals.

Hutchens brought the instant action in the Circuit Court of Cook County and includes a state law defamation *per se* claim against Harrison (Count I), a *respondeat superior* claim against the Sheriff and Defendant Thomas Dart, in his official capacity as Sheriff of Cook County (Dart) (Count II), a claim under 42 U.S.C. § 1983 ("Section 1983") against Harrison (Count III), and a Section 1983 *Monell* claim against the Sheriff, Dart, and Godinez (collectively referred to as "Sheriff Defendants") (Count IV). Defendants removed the instant action to this court and filed the instant motion to dismiss.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168

3

(7th Cir. 1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'" and "if they do not, the plaintiff pleads itself out of court." *E.E. O.C. v. Concentra Health Services, Inc.*, 496 F.3d 773, 776 (7th Cir. 2007)(quoting in part *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action. . . .'" *See Sanjuan v. Amer. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "'provide the defendant with at least minimal notice of the claim,'" *Kyle*, 144 F.3d at 455 (quoting *Jackson v. Marion County*, 66 F.3d 151, 153-54 (7th Cir. 1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

**DISCUSSION**

Defendants move to dismiss all of Hutchens' claims arguing that Hutchens has failed to plausibly suggest a right to relief. In Hutchens' brief in opposition to Defendants' motion to dismiss, Hutchens has conceded that she cannot prevail on her *respondeat superior* claim in Count II in light of the fact that Defendants have properly invoked qualified immunity under 745 ILCS 10/2-107. (Ans. 3). As such, Hutchens does not contest the dismissal of Count II. (Ans. 10). Therefore, we grant Defendants' motion to dismiss with respect to Count II.

I. Section 1983 Claim Against Harrison (Count III)

Defendants move to dismiss Hutchens' Section 1983 claim brought against Harrison in Count III arguing that Hutchens has failed to state a claim upon which relief can be granted under Section 1983. Hutchens alleges in her complaint that, Harrison's defamatory statements "deprived [Hutchens] of her property in violation of her constitutional rights to be free from unconstitutional deprivations of her liberty." (Compl. Par. 24). Defendants note that Hutchens has not pinpointed, in her complaint, a specific constitutional standard underlying her Section 1983 claim. However, Defendants incorrectly suggest that Hutchens' failure to explicitly state the precise constitutional violation that forms the basis of her Section 1983 claim, by itself, necessitates the dismissal of her Section 1983 claim. *See Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1077-78 (1992)(stating that "the complaint need not identify a legal theory, and specifying an incorrect legal theory is not

5

fatal"). The issue before the court is whether Hutchens has articulated the basis for her Section 1983 claim in a manner that plausibly suggests a right to relief and fairly puts Harrison on notice of the claim against her. *Kyle*, 144 F.3d at 455.

Hutchens' statement in her complaint that her Section 1983 is premised on "unconstitutional deprivations of her liberty and/or property," (Compl. Par. 24), indicates that Hutchens is basing her Section 1983 claim on violations of her constitutional due process rights. Furthermore, since the allegations in Hutchens' complaint do not suggest a violation of any fundamental rights protected by substantive due process, it follows that her claim in Count III is a procedural due process claim. *See Taake v. County of Monroe*, 530 F.3d 538, 542 (7th Cir. 2008)(stating that in order to show a substantive due process interest a plaintiff must "show that the right was 'deeply rooted in our history and tradition or implicit in the concept of ordered liberty'")(quoting in part *Khan v. Gallitano*, 180 F.3d 829, 835 (7th Cir. 1999)); *Zorzi v. County of Putnam*, 30 F.3d 885, 895 (7th Cir. 1994)(stating that "[o]ccupational liberty . . . is not protected by substantive due process" and that "any cause of action for the deprivation of occupational liberty would be confined to a claim under procedural due process").

Allegations of defamation alone cannot form the basis for a claim under Section 1983. *Pitts v. City of Kankakee, Ill.*, 267 F.3d 592, 596 (7th Cir. 2001)(stating that "[d]efamation alone, of course, is not something that is ordinarily cognizable under § 1983"); *Coe v. County of Cook*, 162 F.3d 491, 495 (7th Cir. 1998)(citing *Paul v. Davis*, 424 U.S. 693, 711-12 (1976) for the proposition that

"defamation by state employees is not actionable under Section 1983"); *McMahon v. Kindlarski*, 512 F.3d 983, 987 (7th Cir. 2008)(stating that "it is well-established that mere defamation, while it may be the basis for a solid claim based on state law, does not deprive a person of liberty protected by the Fourteenth Amendment"). However, Hutchens correctly notes in her response to Defendants' motion to dismiss that defamation can form the basis of a Section 1983 claim when such defamation deprives the Plaintiff of a constitutional right. *Pitts*, 267 F.3d at 596 (indicating that where the plaintiffs alleged that defamation was used as a method of retaliating against them for the exercise of their first amendment rights, a Section 1983 claim could be stated); *see also Spiegel v. Rabinovitz*, 121 F.3d 251, 255 (1997)(stating that "the common-law tort of defamation, can be a *component* of a constitutional tort")(emphasis in original)(citing *Albright v. Oliver*, 975 F.2d 343, 346 (7th Cir. 1992)(suggesting that defamation that accompanies a discharge from a job and deprives the plaintiff of the liberty of occupation can sustain a constitutional claim)). Therefore, the issue is whether Hutchens' complaint plausibly suggests a violation of her procedural due process rights.

The Seventh Circuit employs a two-step process for analyzing procedural due process claims. *McMahon v. Kindlarski*, 512 F.3d 983, 987 (7th Cir. 2008). For a Section 1983 procedural due process claim, a plaintiff "must show that [the plaintiff was] deprived of a constitutionally protected interest in life, liberty or property," and "[i]f the plaintiff[] can establish such a loss, [the court] then must determine what process was due regarding that loss." *Belcher v. Norton*, 497 F.3d 742, 750 (7th Cir.

2007). In Hutchens' complaint, she alleges that as a result of Harrison's statements, Hutchens was suspended without pay and suffered substantial damage to her reputation. (Compl. Par. 21). For the purposes of the instant motion, we must accept such allegations as true. The Seventh Circuit has indicated that a plaintiff has a protectable property interest "if [s]he had been suspended for however short time without full pay." *Swick v. City of Chicago*, 11 F.3d 85, 87 (7th Cir. 1993). Furthermore, although an individual "does not have a protectable liberty or property interest in her reputation," *Hojnacki v. Klein-Acosta*, 285 F.3d 544, 548 (7th Cir. 2002), a protectable interest has been recognized in "'the liberty to follow a trade, profession, or other calling.'" *Draghi v. County of Cook*, 184 F.3d 689, 693 (7th Cir. 1999)(quoting *Wroblewski v. City of Washburn*, 965 F.2d 452, 455 (7th Cir. 1992)). Thus, Hutchens has properly alleged a protectable property interest with respect to the lost pay associated with her suspension.

While we agree with Hutchens that, at this stage in the litigation, she has alleged a protectable property interest, we do not agree with Hutchens' contention that defamation combined with the deprivation of a protectable property interest is sufficient to support a Section 1983 procedural due process claim. Rather, as stated above, Hutchens must also properly allege that she was denied of a process that was owed to her by Harrison. *See Mathews v. Eldridge,* 424 U.S. 319, 333 (1976)(stating that "[t]he fundamental requirement of due process is "the opportunity to be heard at a meaningful time and in a meaningful manner")(quoting in part *Armstrong v. Manzo,* 380 U.S. 545, 552 (1965)). Hutchens has not done so.

8

Even though the court has liberally construed Hutchens' complaint in order to decipher the underlying constitutional basis for Hutchens' Section 1983 claim, Hutchens still must put Defendants on notice of a "mistaken or unjustified deprivation of life, liberty, or property." *Dargis v. Sheahan*, 526 F.3d 981, 989 (7th Cir. 2008). In Hutchens' complaint, there is nothing to suggest that Harrison, the only named Defendant in Count III, owed any specific process to Hutchens. According to the complaint, the entity that took disciplinary action against Hutchens was her employer, CPS, which is not named as a Defendant in this case. (Compl. Par. 21). The complaint clearly identifies Harrison as an employee of the Sheriff who "was working as a security officer at the jail." (Compl. Par. 9). Thus, there is no plausible suggestion in the complaint that Harrison individually owed Hutchens any process that was not provided.

In *Argyropoulos v. City of Alton*, a district court concluded that there was no viable procedural due process claim brought against an individual defendant where the plaintiff did not show that the individual defendant had any authority to take the employment action against the plaintiff. 2006 WL 2802112, at *7 (stating "before even proceeding with the [summary judgment] analysis below, the court dismisses the claim against [the individual defendant]" and "[p]laintiff has not provided any facts in this record that would suggest that [the individual defendant] terminated or had the authority to terminate [p]laintiff"). The Seventh Circuit affirmed the holding of the district court with respect to that individual defendant. *Argyropoulos v. City of Alton*, 539 F.3d 724, 740 (7th Cir. 2008). We find that, in the instant action, where

9

Hutchens has brought her procedural due process claim against Harrison, an individual who was not employed by the CPS, and where Hutchens has provided no plausible suggestions that Harrison deprived Hutchens of any procedural right, dismissal is warranted. *See Horstmann v. St. Clair County, IL*, 295 Fed. Appx. 61, at *2 (7th Cir. 2008)(unpublished order affirming a grant of a motion to dismiss and citing *Argyropoulos* for the proposition that defendants who were not employed by the entity that took the employment action against the plaintiff could not have deprived the plaintiff of any property interest in his job without due process of law and further stating "[t]he only entity that had the power to take away any property interest [the plaintiff] had in his employment . . . was the [employer] itself" and "[i]t simply makes no sense to say that the non-employing defendants named in this case should have provided him with notice of his potential discharge, an opportunity to be heard before he lost his job, or a pre- or post-termination hearing"). Thus, we find that Hutchens has failed to plead a Section 1983 claim against Harrison that plausibly suggests a right to relief. *Concentra Health Services, Inc.*, 496 F.3d at 776. Therefore, we grant Defendants' motion to dismiss with respect to Count III.

II. Section 1983 Failure to Train Claim Against Sheriff Defendants (Count IV)

Defendants also move to dismiss the Section 1983 claim in Count IV brought against the Sheriff Defendants. As an initial matter, Defendants correctly point out that Hutchens has redundantly named both Dart and Godinez in their official

capacity along with the Sheriff. *See Lanigan v. Village of East Hazel Crest, Ill.*, 110 F.3d 467, 479 n. 5 (7th Cir. 1997)(stating that "'[a]n official capacity suit against a municipal official is merely another way of asserting a claim against the municipality'")(quoting *Gibson v. City of Chicago*, 910 F.2d 1510, 1519 n. 14 (7th Cir. 1990)). Thus, in reality, Hutchens' claim in Count IV constitutes a *Monell* claim against the Sheriff. As we concluded above, Hutchens has failed to adequately plead an underlying constitutional deprivation claim. Without an underlying constitutional deprivation claim, Hutchens cannot also plead a valid *Monell* claim premised upon a failure to adequately train. *See King v. East St. Louis School Dist. 189*, 496 F.3d 812, 817 (7th Cir. 2007)(stating that "[i]t is well established that there can be no municipal liability based on an official policy under *Monell* if the policy did not result in a violation of [a plaintiff's] constitutional rights"); *Alexander v. City of South Bend*, 433 F.3d 550, 557 (7th Cir. 2006)(finding that a municipality defendant cannot be liable under *Monell* for a policy or custom of inadequately training and supervising its police officers, unless the defendant violated a constitutional guarantee).

We further note that, even if there had been a properly pled underlying constitutional claim, Hutchens would have still failed to properly plead her *Monell* claim. For a Section 1983 *Monell* claim, a plaintiff must establish: "(1) an express policy that, when enforced, causes a constitutional deprivation; or (2) that the constitutional injury was caused by a person with final policymaking authority."

*Montano v. City of Chicago*, 535 F.3d 558, 570 (7th Cir. 2008); *see also Campbell v. Miller*, 499 F.3d 711, 720 (7th Cir. 2007)(stating that for a *Monell* claim a plaintiff must show that the misconduct resulted from "'(1) the enforcement of an express policy of the City, (2) a widespread practice that is so permanent and well settled as to constitute a custom or usage with the force of law, or (3) a person with final policymaking authority'")(quoting *McCormick v. City of Chicago,* 230 F.3d 319, 324 (7th Cir. 2000)). Furthermore, according to the Seventh Circuit, "*Monell* liability based on evidence of inadequate training or supervision requires proof of 'deliberate indifference' on the part of the local government." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1029 (7th Cir. 2006). Hutchens alleges only that Defendants "failed to adequately train Harrison" and that Defendants "were on notice" regarding the "failure to train defendant Harrison. . . ." (Compl. Par. 23-25). Hutchens does not allege facts that plausibly suggest that the failure to train was related to any Sheriff policy or practice or a deliberate indifference that could support a *Monell* claim. *Sornberger*, 434 F.3d at 1029; *see also City of Canton, Ohio v. Harris*, 489 U.S. 378, 389 (1989)(stating that "a municipality can be liable under § 1983 only where its policies are the 'moving force [behind] the constitutional violation'" and that "[m]unicipal liability under § 1983 attaches where-and only where-a deliberate choice to follow a course of action is made from among various alternatives'" and that "[o]nly where a failure to train reflects a 'deliberate' or 'conscious' choice by a municipality-a 'policy' as defined by our prior cases-can a city be liable for such a failure under § 1983")(quoting in part *Polk County v. Dodson*, 454 U.S. 312, 326

12

(1981) and *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985)). Therefore, we grant Defendants' motion to dismiss Count IV.

III. State Law Defamation Claim Against Harrison (Count I)

Hutchens also brings a state law claim for defamation in Count I. In light of the fact that we have dismissed the federal claims in the instant action, we must determine whether the court should exercise supplemental jurisdiction over the remaining state claim. Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1252 (7th Cir. 1994)(stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts); *Dargis*, 526 F.3d at 990 (stating that "district courts should exercise this discretion to relinquish jurisdiction over state law claims that remain after the dismissal of federal claims unless any of the following three circumstances exists: (1) the state law claims may not be re-filed because a statute of limitations has expired, (2) substantial judicial resources have been expended on the state claims, or (3) it is clearly apparent how the state claims are to be decided"). The Seventh Circuit has stated that there is no "'presumption' in favor of relinquishing supplemental jurisdiction" and that a court should retain jurisdiction where a statute of limitations would bar future suits, where "substantial federal judicial resources have already been expended on the

resolution of the supplemental claims," and "where it is obvious how the claims should be decided." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-907 (7th Cir. 2007). The Seventh Circuit has further stated that "in exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources." *Timm v. Mead Corp.*, 32 F.3d 273, 276 (7th Cir. 1994).

We have considered all of the pertinent factors and, as a matter of discretion, we decline to exercise supplemental jurisdiction over Plaintiffs' remaining state law claim in Count I. Count I involves issues relating to a state employee's compliance with state law and it is not clearly apparent from the pleadings how the state claim should be decided. *Dargis*, 526 F.3d at 990 (stating that "regarding state claims, state courts can provide a better forum when the issue being considered is a state actor's compliance with state law"). Therefore, we deny Defendants' motion to dismiss Count I without prejudice and we remand the instant action to state court.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss with respect to Counts II, III, and IV. We also deny Defendants' motion to dismiss with respect to Count I without prejudice and we remand the instant action to state court.


_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: April 28, 2009